IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joyce Johnson, | ) C/A No. 2:18-cv-394-DCC |
| Plaintiff, | ) |
| v. | ) **OPINION AND ORDER** |
| Andrew M. Saul, Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("Report") on June 11, 2019, recommending that the Court reverse the decision of the Commissioner and remand for further proceedings. ECF No. 17. Neither party filed objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely

1

filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition)).

Having reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge, the Court finds no clear error and adopts the Report by reference in this Order.  The Court is very concerned that the opinion of the Administrative Law Judge ("ALJ") effectively omits several years of records from Plaintiff's treating physician, particularly in light of the strength of Plaintiff's claim for disability.  Compounding this problem, the ALJ (incorrectly) uses the lack of records from Plaintiff's treating physician to give his opinion "little weight."  Despite this clear legal error, the Commissioner contends that the ALJ completed "a comprehensive review of the record as a whole" and commends the ALJ's "thorough decision."  ECF No. 14 at 7, 9.  The Commissioner further relegates his response to this legal error to a footnote, summarily contending that ALJs have no obligation to "discuss every medical finding."  *Id.* at 9.  The Commissioner misapprehends Plaintiff's argument.  The pertinent point is that the ALJ discounted Plaintiff's treating physician's opinion "[w]hen considering the frequency of office visits."  ECF No. 9-2 at 26.  This was factually erroneous and legally erroneous under the relevant regulations.  The Court makes no finding as to whether this was a deliberate omission or simple oversight but notes a disturbing number of cases where ALJs go to great lengths to justify giving little weight to the opinions of treating physicians while giving great weight to the opinions of consultative examiners.

Therefore, the Commissioner's decision is **REVERSED** and the Court remands this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

                                                s/ Donald C. Coggins, Jr.
                                                United States District Judge

September 10, 2019
Spartanburg, South Carolina